**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | 10-299M |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cesar Ignacio Cienfuegos-Ulloa, a/k/a Cesar Cienfuegos-Ulloa, | ) | |
| | ) | |
| Defendant. | ) | |

This case arises on Defendant's Notice of Conflict and Motion to Continue, filed on July 29, 2010, which requests the Court continue the change-of-plea hearing currently set for next Tuesday, August 3, 2010 at 2:30 p.m. (Doc. 9) The Motion indicates that defense "[c]ounsel has attempted to contact the prosecutor, Cassie Bray Woo, but as of this time does not know if she has any objection." (*Id.* at 1)

Defendant's guilty-plea proceeding was formally set for August 3rd at 2:30 p.m. on July 1, 2010, 28 days before the pending Motion was filed. (Doc. 8) The next available date on the undersigned Magistrate Judge's calendar is August 6, 2010 at 10:00 a.m. Yesterday, however, staff for defense counsel, Michael Reeves, advised the undersigned's Judicial Assistant that he has another calendar conflict for August 6, 2010 at 10:00 a.m. The next available date after August 6, 2010 for a change-of-plea hearing on the undersigned's calendar is August 24th. The Court's speedy-trial clock runs August 17, 2010. The Government's may run much sooner than that.

Absent written stipulation between counsel to reset a change-of-plea hearing after Defendant has been indicted and the Government will extend the favorable fast-track plea offer to after the indictment, the Court will not jeopardize Defendant's right to a speedy indictment pursuant to the Speedy Trial Act, a likely favorable fast-track plea offer before indictment and create a potential ineffective assistance of counsel claim to accommodate defense counsel's calendar. See, *United States v. Ramirez-Cortez*, 213 F.3d 1149 (9th Cir. 2000).

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Continue, doc. 9, is **DENIED**. Defense counsel or his staff shall promptly contact the undersigned's chambers if he and his client wish to vacate the August 3, 2010 change-of-plea hearing followed by the filing of the appropriate Motion to Vacate.

**IT IS FURTHER ORDERED** that if defense counsel can not timely reach such a stipulation with the assigned AUSA and can not make himself available for the two change-of-plea dates and times set forth herein, defense counsel shall promptly file a motion to withdraw so that an available CJA panel attorney be appointed.

Dated this 30th day of July, 2010.

_____
Lawrence O. Anderson
United States Magistrate Judge